WARREN COUNTY CIRCUIT COURT.

GEORGE B. WILLIAMS, plaintiff,

*v.*

JOSEPH MINSAVICH, defendant.

**Judgment by Default—Legal Time for Filing Papers—Twenty Days for Filing Answer Expired on Sunday—Judgment was Entered on Monday at One O'clock, Answer Filed at 4.45 O'clock—Held, Answer Filed Within Time—When Time for Performance Falls on Sunday, Compliance on the Following Day Will be Sufficient.**

*Mr. William H. Morrow,* for the rule.

*Mr. Joseph M. Roseberry, Contra.*

JESS, J.

This is a rule to show cause why a default judgment should not be opened.

The summons and complaint were served personally upon the defendant on the 9th of March last. An affidavit of merits was filed on March 16th. Damages were assessed and judgment interlocutory and final entered on March 30th at one o'clock P. M. Defendant's answer was filed on March 30th at 4:45 P. M.

The question to be decided is whether the answer was filed within legal time and judgment prematurely entered. The defendant was required to answer within twenty days after service upon him of the process and complaint. The twentieth day after service fell on Sunday, the 29th day of March. The answer could not be filed on that day, and, therefore, the filing on the following day was in time.

In *Von de Place et al.* v. *Weller, 64 N. J. Law 155,* the supreme court granted a peremptory *mandamus* directing a

district court to approve and accept an appeal bond which the court had refused to receive, on the ground that it had not been tendered within the time required by the statute, namely, five days after the rendition of the judgment. The last of the five days fell upon Sunday and the tender of the bond was made on Monday following. It was held that this was a compliance with the statute.

The decision in that case was rested upon the court's view of the law as applicable to an action required to be taken by the court. Chief-Justice Gummere, in his opinion, points out that in *Hughes* v. *Griffiths, 13 Com. B. (N. S.) 324,* it is suggested that a distinction is maintainable between a thing which is to be done by the court and a mere act of the party. He adds, however, "whether such distinction rests upon any solid foundation seems doubtful."

He cited two cases in support of the views he expressed. In the first of these (*Stryker* v. *Vanderbilt, 27 N. J. Law 68*), it was held that when the time for the performance of a contract falls on Sunday, a compliance on the following day will be a sufficient performance.

"We think a similar rule should be adopted," the chief-justice comments, "in construing statutory provisions requiring acts to be done by parties in the course of judicial proceedings."

The other case cited was that of *Feuchtwanger* v. *McCool, 29 N. J. Eq. 151,* in which the chancellor held that the provision of the Chancery act, which required the filing of an answer within sixty days after the return of the subpœna, was substantially complied with by the filing of the pleading on the day after the expiration of the time limited, when the last day of that period fell on a legal holiday.

Counsel, in opposition to the rule, has called my attention to the case of *Bangor* v. *Somerville,* reported in *1 N. J. L. J. 252.* In that case Mr. Justice Depue, at the Essex circuit, held that when the last day for filing a plea fell on Sunday, filing on the following day was not in time, and denied the motion to set aside the judgment. No reasons were assigned for the ruling.

Warren County Circuit Court—Williams v. Minsavich.

In the face of such high authority, I should not venture to entertain a contrary opinion, but for the fact that I feel the later views of the supreme court, as expressed in *Von de Place* v. *Weller, supra,* are controlling upon the question presented for decision, and, as Chief-Justice Gummere suggested, better calculated to protect the interests of litigants.

I may add that, while in other jurisdictions there is some diversity of decision on the subject, the weight of authority appears to support the conclusions here reached.

The rule will be made absolute and the judgment set aside.